OPINION
Defendant-appellant Jimmie D. Dotson appeals his conviction and sentence in the Stark County Court of Common Pleas on one count of tampering with evidence.STATEMENT OF THE FACTS AND CASE
On March 9, 2001, defendant-appellant Jimmie D. Dotson [hereinafter appellant] was indicted on one count of tampering with evidence, in violation of R.C. 2921.12, one count of carrying a concealed weapon, in violation of R.C. 2923.12, and one count of having a weapon while under disability, in violation of R.C. 2923.13.
The matter proceeded to trial on April 24, 2001. Evidence at trial showed that the incident began as a confrontation between Shandra Minor [hereinafter Minor], Minor's brothers and appellant. Minor testified that appellant pulled a gun on her and her brothers. Minor and her brothers left the area in Minor's car and looked for a police officer. Minor found Canton Police Officer Peoples. They returned to the area in which the confrontation had occurred. In the meantime, Canton Police Officers Gabbard and Stanbro responded to a trouble call regarding a man threatening people with a gun in the neighborhood. When they arrived on the scene, the Officers saw Officer Peoples speaking with a woman. Officer Peoples signaled to Officers Gabbard and Stanbro, indicating that appellant was the suspect. Appellant was walking away from the area and had his hands in his pockets.
Officers Gabbard and Stanbro immediately exited their cruiser. Officer Stanbro unholstered his weapon and Officer Gabbard armed himself with a shotgun. As they approached appellant, Officer Stanbro ordered appellant to stop and come back to them. Appellant looked back at the officers a couple of times but continued to walk away.
Officer Stanbro continued yelling at appellant to stop and to take his hands out of his pockets. Appellant did not comply with any of Officer Stanbro's orders.
Officers Stanbro and Gabbard followed appellant. As they did, appellant began to walk more quickly.
Eventually, appellant came to a fence. Appellant proceeded to a gate opening in the fence. As Officer Stanbro followed appellant and continued to order appellant to stop, Officer Stanbro saw appellant pull a dark colored semi-automatic handgun from his pocket. Officer Stanbro immediately ordered appellant to drop the gun. However, appellant did not comply and walked through the gate and into the fenced area. The two officers backed up and sought cover.
Officer Stanbro testified that he could see between the slats of the fence well enough to see appellant walking behind the fence. Officer Stanbro heard something heavy hit wood. Meanwhile, the Officers continued to yell at appellant to drop the gun.
Eventually, appellant came out from behind the fence, at a gate opening other than the gate he had entered. Appellant's hands were out of his pockets and away from his body. However, appellant did not comply with an order to get on the ground. To effect the arrest, the Officers had to force appellant to the ground. Within a few seconds, while Officer Gabbard was still handcuffing appellant, Officer Stanbro went behind the fence and searched for a gun. The officer found it lying by a wooden skateboard. The gun was an operable .380 caliber semi-automatic handgun, loaded with five rounds in its magazine clip. Officer Stanbro testified that he saw no one else behind the fence.
Appellant testified at trial. He claimed that he had failed to comply with the officers' orders to stop and get on the ground but claimed he had not possessed a handgun. However, appellant confirmed Officer Stanbro's testimony that no one else was behind the fence when appellant was behind the fence.
At the close of the trial, appellant moved the trial court for a jury instruction on the offense of obstruction of official business. Appellant argued that obstruction of official business was a lesser included offense of tampering with evidence. The trial court overruled that motion.
Upon deliberation, the jury found appellant guilty of the charged offenses. In addition, the jury made specific findings that the weapon in this case was a loaded firearm and that appellant had previously been convicted of domestic violence.[1]
Upon accepting the jury's verdict, the trial court sentenced appellant to a prison term of four years on the tampering with evidence charge, a term of twelve months on the carrying concealed weapons charge and a term of eleven months on the charge of having weapons while under a disability. The trial court imposed those sentences concurrently with each other, but consecutively with the sentence imposed in a separate criminal case.[2]Thereafter, appellant filed this appeal. However, appellant does not challenge his convictions for carrying a concealed weapon or for having weapons while under disability. It is from his conviction for tampering with evidence that appellant appeals, raising the following assignments of error:
 APPELLANT'S CONVICTION ON ONE COUNT OF TAMPERING WITH EVIDENCE IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 THE TRIAL COURT ERRED, TO THE PREJUDICE OF APPELLANT'S RIGHT TO A FAIR TRIAL, WHEN IT DENIED UPON PROPER REQUEST A JURY INSTRUCTION ON THE LESSER INCLUDED OFFENSE OF DISORDERLY CONDUCT [SIC].
 I
In the first assignment of error, appellant argues that his conviction for tampering with evidence was against the sufficiency and manifest weight of the evidence. We disagree.
In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held that:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
Jenks, supra, at paragraph two of the syllabus.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. . . . The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins (1997),78 Ohio St.3d 380, 387(citing State v. Martin (1983), 20 Ohio App.3d 172,175). Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
Appellant challenges his conviction for tampering with evidence, in violation of R.C. 2921.12(A)(1). Revised Code 2921.12(A)(1) states the following:
 No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall . . . [a]lter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation. . . .
Construing the evidence in a light most favorable to the prosecution, we find that a rational trier of fact could have found beyond a reasonable doubt that appellant tampered with evidence, in violation of R.C. 2921.12. Both Minor and Officer Stanbro testified that appellant had a handgun. Appellant repeatedly refused to stop walking, pull his hands from his pockets or drop the gun. Instead, appellant retreated to the area behind the fence to dispose of the handgun before turning himself over to the police officers. We find that the evidence was sufficient to show that appellant, knowing an investigation was in progress, sought to conceal and/or remove the handgun from his person with the purpose to impair the gun's value or availability as evidence in the investigation.
Further, pursuant to the testimony of Minor and Stanbro, we find that the jury's verdict did not create a manifest miscarriage of justice and, therefore, was not against the manifest weight of the evidence. The jury did not lose its way in convicting appellant of tampering with evidence
Appellant's first assignment of error is overruled.
 II
In the second assignment of error, appellant contends that the trial court erred when it denied appellant's request for a jury instruction on obstructing official business. Appellant asserts that obstructing official business is a lesser included offense of tampering with evidence and was warranted in this case. We disagree.
In State v. Deem (1988), 40 Ohio St.3d 205, paragraph three of the syllabus, the Ohio Supreme Court set forth the test to be employed in determining what is a lesser included offense:
 An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense. (State v. Kidder (1987), 32 Ohio St.3d 279, 513 N.E.2d 311, modified.)
"In determining whether the greater offense could ever be committed without committing the lesser [offense] as well, we are to examine the elements of the crimes in the abstract, and not undertake an analysis of the facts of a particular case. . . ." State v. Knepp (Nov. 5, 2001), Stark App. No. 2001CA00130, unreported, 2001 WL 1387962 (citing State v.Koss (1990), 49 Ohio St.3d 213, 218; State v. Nelson (January 12, 2000), Tuscarawas App. No. 1999AP02007, unreported), 2000 WL 94535.
Revised Code 2921.12 sets forth the following relevant elements of the crime of tampering with evidence:
 (A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:
 (1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation;
 The elements of obstructing official business are as follows, in relevant part:
 (A) No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.
R.C. 2921.31.
Upon applying the Deem test, we find that obstructing official business is not a lesser included offense of tampering with evidence. Deem
requires that the greater offense cannot be committed without the offender committing the lesser offense. An offender can commit the offense of tampering with evidence without violating the obstructing official business statute. One could destroy, conceal or remove evidence with the purpose of impairing a proceeding or investigation without actually hampering or impeding a public official in the performance of his duty. Therefore, we find that obstructing official business is not a lesser included offense of tampering with evidence.
Appellant's second assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs to appellant.
By Edwards, J., Gwin, P.J. and Farmer, J. concurs.
[1] Domestic violence is an "offense of violence" pursuant to R.C.2901.01(A)(9)(a), and appellant's conviction for felony domestic violence created the disability under R.C. 2923.13(A)(2) (Having Weapons While Under Disability).
[2] In a separate criminal case, State v. Dotson, Stark County Court of Common Pleas Case No. 2001-CR-0492, appellant was charged with one count of possession of crack cocaine, in violation of R.C. 2925.11(A), and one count of possession of marijuana, in violation of R.C. 2925.11(A). Appellant was arraigned on the drug charges at the same hearing as appellant was sentenced in the case sub judice. After entering a plea of guilty to the drug charges, appellant was sentenced at that same hearing. In that case, the trial court imposed a prison term of two years on the crack cocaine charge and imposed no sentence on the minor misdemeanor marijuana charge.